IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 22-84-BLG-SPW |
| Plaintiff, | |
| vs. | ORDER |
| REGINALD STEVEN WILLIAMS III, | |
| Defendant. | |

On February 11, 2025, Defendant Reginald Steven Williams III filed a pro se motion under 18 U.S.C. § 3582(c)(1)(A) seeking to reduce his 151-month federal drug and firearm sentence. (Doc. 59; *see* Doc. 53 (Amend. Judg.).) Counsel was appointed, (Doc. 61), and an amended motion was filed on August 12, 2025, (Doc. 68). The government opposes. (Doc. 70.) Williams' projected release date is April 16, 2033. *See* BOP Inmate Finder, https://www.bop.gov/inmateloc/ (last visited Sep. 17, 2025). For the reasons stated below, Williams' motion is denied.

## ANALYSIS

The First Step Act of 2018 gives district courts wide discretion to reduce an existing term of imprisonment so long as a defendant first seeks relief from the Bureau of Prisons ("BOP") and the reduction: (1) is consistent with the applicable policy statements of the Sentencing Commission, (2) takes into consideration the sentencing factors of 18 U.S.C. § 3553(a), and (3) is

1

warranted by "extraordinary and compelling reasons." 18 U.S.C. § 3582(c)(1)(A); *United States v. Keller*, 2 F.4th 1278, 1284 (9th Cir. 2021) (per curiam). The Court must also find that "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." USSG §1B1.13(a)(2).

Here, Williams argues that his engagement in "rehabilitative programming for the full duration of his incarceration" and his "diligent work on his rehabilitation" create an extraordinary and compelling reason to justify his early release. (Doc. 68 at 7). Because this is insufficient under the law, and a reduction is not warranted by the §3553(a) factors, his motion is denied.

I.   **Exhaustion of Administrative Remedies**

A defendant may only file a motion for compassionate release with the district court once the defendant has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Here, Williams unsuccessfully made a request to the warden of FCI Victorville more than 30 days before filing the present motion. (*See* Doc. 58.) He has therefore exhausted his administrative remedies as required by statute.

II.   **Extraordinary and Compelling Reasons**

As mentioned above, Williams argues that his rehabilitative efforts during his incarceration create extraordinary and compelling reasons justifying

2

a reduction in his sentence. However, by congressional mandate, "rehabilitation . . . alone shall not be considered an extraordinary and compelling reason." 28 U.S.C. § 994(t); *see also* USSG §1B1.13(d); *United States v Bryant,* 144 F.4th 1119, 1123 (9th Cir. 2025). Based on the foregoing, Williams has not shown extraordinary and compelling reasons to warrant an early release.

### III.     Section 3553(a) Factors

In addition to showing extraordinary and compelling reasons for release, any sentence reduction must also comport with the federal sentencing objectives set forth in 18 U.S.C. § 3553(a). Pertinent factors include the "nature and circumstances of the offense and the history and characteristics of the defendant," the need for the sentence "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," to deter criminal conduct and protect the public, and to provide effective correctional treatment, including education or vocational training and medical care. *See* 18 U.S.C. § 3553(a)(1), (2). Courts may also consider the advisory guideline range and the need to "avoid unwarranted sentencing disparities" among similarly situated defendants. *See id.* § 3553(a)(4), (6). These factors do not support a sentence reduction here.

In early 2022, law enforcement began receiving information that a drug trafficking organization in Las Vegas, Nevada was transporting methamphetamine and fentanyl into the Billings area for distribution. (PSR ¶ 10.) Williams was ultimately identified as the individual transporting the

3

drugs. (PSR ¶¶ 10–11.) In law enforcement's search of Williams' person, vehicle, and residence, they recovered numerous firearms, large amounts of currency, drug paraphernalia, body armor vests, and drugs. (PSR ¶¶ 15–20.) Williams also has an extensive criminal history, consisting of a DUI in 2013, theft in 2014, two counts of obstructing a public official in 2016 and 2019, a drug possession conviction in 2016, two battery constituting domestic violence convictions in 2019, and conspiracy to commit robbery and robbery convictions in 2017, with bench warrants being issued on the DUI for not appearing on a status check and the second battery charge for not paying fees. (*See* PSR ¶¶ 38–44.) With a total offence level of 29 and a criminal history category of VI, his advisory Guideline range was 151 to 188 months. (PSR ¶ 75.) Balancing Williams' offense conduct and criminal history against his positive employment history and his education, the Court sentenced Williams to a low-end Guideline sentence of 151 months for his drug conviction and 120 months for his firearms conviction, to run concurrently. (Doc. 53 at 2.)

Pursuant to USSG §1B1.13(a)(2), compassionate release is only appropriate if "the defendant is not a danger to the safety of any other person or to the community as provided in 18 U.S.C. § 3142(g)." The factors to be considered in assessing dangerousness include the nature and circumstances of the defendant's offense; the weight of the evidence against the defendant; the nature and seriousness of the danger to any person or the community posed by the defendant's release, and the defendant's history and characteristics,

4

including "character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, [and] criminal history." 18 U.S.C. § 3142(g).

Even recognizing Williams' rehabilitative efforts while incarcerated, his previous convictions, including two domestic violence charges and a robbery charge, and the nature of his most recent conviction, travelling to Montana for the sole purpose of selling drugs and bringing firearms to the Billings community, make him a "very real danger to the community" (Doc. 67 at 17.) He also has no ties to the Billings community or support in that community. Additionally, Williams has also only served three years of his twelve-year sentence. Because a reduction in sentence based on the current record would denigrate the seriousness of his crimes, undermine respect for the law, and pose a threat to the safety of the community, *see* 18 U.S.C. § 3553(a)(2)(A)–(C), his request is denied.

## CONCLUSION

IT IS ORDERED that Williams' motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A) (Docs. 59, 68) is DENIED.

DATED this 30th day of September, 2025.

Susan P. Watters, District Judge
United States District Court